UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BUFFALO LABORERS WELFARE FUND,
BUFFALO LABORERS PENSION FUND,
BUFFALO LABORERS TRAINING FUND,
BUFFALO LABORERS SECURITY FUND,
THOMAS L. PANEK, in his fiduciary capacity as
  Administrator, and
LABORERS' LOCAL 210, LABORERS
INTERNATIONAL UNION OF NORTH AMERICA,       **DECISION AND ORDER**

                Plaintiffs,                                04-CV-516S

    -vs-

DAREN S. ELLIOTT d/b/a PBM Supply Co.
a/k/a PBM Supply Company,

                Defendant.

---

      1.      Pending before this Court is Plaintiffs' motion pursuant to Fed. R. Civ. P. 37(d) seeking an Order Striking Defendant's Answer and granting Judgment by Default, and for Sanctions. Default Judgment is alternatively sought pursuant to Fed. R. Civ. P. 55(b)(2). Plaintiffs have submitted an accounting of all damage and cost items sought. (Docket No. 14). For the following reasons, Plaintiffs' motion will be granted.

      2.      Plaintiffs filed this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA) seeking unpaid union dues and fringe benefit contributions together with interest, statutory damages, costs, and fees. (Docket No. 1). Defendant failed to answer the Complaint and Plaintiffs obtained a Clerk's Entry of Default (Docket No. 6). Defendant soon thereafter filed an Answer (Docket No. 7), however, and the

-1-

parties stipulated to vacate the Default (Docket No. 8).

3. The Scheduling Order set July 15, 2005, as the discovery deadline and August 5, 2005, as the deadline for filing motions. (Docket No. 9). No extension of these dates has been requested by the parties.

4. On May 5, 2006, the Hon. John T. Elfvin entered an Order permitting Defendant's counsel to withdraw and directing that new counsel be retained and appear within sixty days. (Docket No. 12). No appearance was entered.

5. On July 13, 2007, after no apparent activity in the case, Judge Elfvin entered an Order directing the parties to show cause why the action should be not be dismissed for failure to prosecute. (Docket No. 13). In response, Plaintiffs filed the instant motion. This case was reassigned to this Court when Judge Elfvin took inactive status. (Docket No. 16).

6. On January 16, 2008, an Order was entered addressing the Default Judgment aspect of the instant motion, finding that, because there was no current Clerk's Entry of Default in place,[1] that portion of the motion was premature. The Order also afforded Defendant another opportunity to respond to the rest of Plaintiff's motion, directing Defendant to show cause by February 15, 2008, why Plaintiffs' motion under Rule 37 should not be granted. Defendant was advised that this was his final opportunity to respond in this case and that failure to do so could result in the striking of the Answer and Default Judgment entered against him. (Docket No. 17). Defendant has filed nothing in response to any of the above-referenced Orders.

---

[1] The prior Clerk's Entry of Default was vacated by Stipulation of the parties (Docket No. 8).

-2-

7. In their motion, Plaintiffs assert that, other than filing an Answer, Defendant has wholly failed to participate in discovery or defend this action in any way. Discovery commenced on or about April 7, 2005, when Plaintiffs served their Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Thereafter, Plaintiff served Defendant with Interrogatories, Document Requests, Notices to Admit, and a Notice of Deposition. (See Docket No. 14, Ex. K - O). Defendant neither responded to any of these, nor requested an extension of time to respond. With the threat of a motion to compel imminent (see Docket No. 14, Ex. R), Defendant's counsel moved to withdraw from the case, indicating that his client was not cooperating and that his whereabouts was unknown. At oral argument on this motion, counsel informed Judge Elfvin that the motion was based on his inability to contact Defendant during the previous two years by mail, telephone, or any other means.

8. Plaintiffs argue that Defendant has completely abandoned the defense of this case, warranting sanctions, including the vacating of the Answer and the entry of default and Default Judgment. Plaintiffs seek sanctions pursuant to Fed. R. Civ. P. 37(d), including striking Defendant's Answer, for Defendant's failure to comply with discovery.

9. "Rule 37(b)(2)(C) permits a court to strike a pleading if a party fails to obey an order of the court to provide discovery. Rule 37(d) allows a court to impose the same sanction whenever a party fails to appear at a scheduled deposition or to serve answers to interrogatories." Flaks v. Koegel, 504 F.2d 702, 706, n. 2 (2d Cir. 1974). Unlike Fed. R. Civ. P. 37(b), which "requires that a court order be in effect before sanctions are imposed..." (Salahuddin v. Harris, 782 F.2d 1127, 1131 (2d Cir.1986)), Rule 37(d) enables

the Court to impose the same sanctions available under Rule 37(b)(2) absent a prior Order compelling discovery "where there has been a complete failure to comply with discovery." Israel Aircraft Indus., Ltd. v. Standard Precision, 559 F.2d 203, 208 (2d Cir. 1977); *see also* Flaks, 504 F.2d at 706, n. 2 (2d Cir. 1974)("the reference in subsection (d) to a failure to respond to interrogatories does not cover the submission of some but not all answers, or the submission of all answers, some of which are inadequate. Rather, it contemplates only a serious or total failure to respond").

10. "There is no doubt but that the sanction of judgment by default, although most severe, is within the discretion of the trial judge." Flaks, 504 F.2d at 707 (*citing* Trans World Airlines, Inc. v. Hughes, 332 F.2d 602, 614 (2d Cir. 1964); Gill v. Stolow, 240 F.2d 669, 670 (2d Cir. 1957); 8 C. Wright & A. Miller, Federal Practice & Procedure § 2284 (1970)). However, "the Rule has constitutional limitations" and "must be read in light of the provisions of the Fifth Amendment that no person shall be deprived of property without due process of law." Id. at 708 - 709 (citations omitted).  As such, "Rule 37 should not be construed to authorize dismissal . . . because of [a party's] noncompliance . . . when it has been established that failure to comply has been due to inability, and not to wilfulness, bad faith, or any fault of petitioner." Societe Internationale v. Rogers, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958).

11. Upon examining the record, Defendant has not established an inability or lack of opportunity to defend, hence the imposition of the requested sanction comports with due process. *See* Societe Internationale, 357 U.S. at 212.  Defendant was served with discovery demands in 2005 and wholly failed to respond.  Plaintiffs repeatedly attempted

to secure discovery responses, to no avail. The Affirmation in support of defense counsel's motion to withdraw indicates that Defendant never paid counsel the requested retainer, failed to contact counsel in over two years, despite "countless" attempts made by counsel to contact him, and provided an address and telephone number that is no longer current. (Docket No. 11). All counsel stipulated that Defendant had failed to maintain contact with his attorney, who diligently and in good faith made an effort to ascertain his whereabouts, without success. (Docket No. 14, Ex. S).

12.     Further, on May 9, 2007, Defendant was directly notified by Court Order that his counsel was relieved and that he was given sixty days to retain new counsel. (*See* Docket No. 12). This Order was not returned as undeliverable, so it is presumed that Defendant received it. A copy of the instant motion was served upon Defendant on August 9, 2007, (*see* Docket No. 15). Lastly, Defendant was sent a copy of the most recent Order directing him to respond or face Default Judgment,(*see* Docket No. 17), and there is also no indication that it was returned as undeliverable.

13.     Defendant's failure to respond to discovery, comply with Court Orders, maintain contact with counsel, retain new counsel, or to in any way contact opposing counsel or the Court to inform of his whereabouts or participate in any other aspect of this case leads this Court to conclude that Defendant has consciously abandoned his defense of this matter. This Court views Defendant's actions in this regard as wilful, justifying the striking of his Answer and the entry of default against him. "[T]o be 'wilful' the failure need not necessarily be accompanied by wrongful intent. It is sufficient if it is conscious or intentional, not accidental or involuntary." Robinson v. Transamerica Ins. Co., 368 F.2d

37, 39 (10th Cir. 1966). Nothing before this Court suggests that Defendant's inaction and failure to defend this case is anything other than wilful. Accordingly, Defendant's Answer will be stricken and default judgment entered against him.

14.  Turning to Plaintiffs' request for damages and costs, this Court finds them to be reasonable and appropriate. But Plaintiff's request for attorneys' fees[2] is not. Plaintiffs' request for $24,527.50 in fees is plainly excessive for this case that never went beyond the initial discovery stage and far exceeds the fees typically granted in these types of cases. See, e.g., Panek v. Donald J. Braasch Const., No. 03-CV-644E, 2005 WL 3243303, at *5 (W.D.N.Y. Nov. 29, 2005) (cutting fee request to $6,873.25); Buffalo Laborers' Welfare Fund v. Environclean Svcs., LLC., 05-CV-812S, Docket Nos. 5, 9 (W.D.N.Y. Apr. 12, 2006) (awarding $1,755 in fees); Buffalo Laborers' Welfare Fund v. Peerless Environmental Control, Inc., 05-CV-422S, Docket Nos. 5, 8 (W.D.N.Y. Dec. 7, 2005) (awarding $2,160 in fees). Plaintiffs' request for attorneys' fees will therefore be denied without prejudice and with leave to file a more appropriate fee request.

IT HEREBY IS ORDERED, that Plaintiffs' Motion for Default Judgment (Docket No. 14) is GRANTED in all respects other than as to the attorneys' fees request, which is DENIED without prejudice.

---

[2] Title 29 of the United States Code, in relevant part, states that "[i]n any action under this subchapter by a fiduciary or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan ... reasonable attorney's fees and costs of the action, to be paid by the defendant..."  29 U.S.C. § 1132(g)(2)(D).

FURTHER, that Plaintiffs are granted leave to file an additional attorneys' fees request on or before April 18, 2008.

FURTHER, that Defendant's Answer (Docket No. 7) is STRICKEN.

FURTHER, that the Clerk of the Court is directed to enter default against Defendant.

FURTHER, that after receipt and review of Plaintiffs' additional fee request, this Court will direct that judgment be entered in Plaintiffs' favor against Defendant as follows:

- $30,977.58 for unpaid fringe benefit payments;
- $6,943.62 for interest on unpaid fringe benefit payments;
- $3,963.78 for unpaid union dues;
- $1,252.16 for interest on unpaid union dues;
- $1,653.41 for audit costs;
- $6,943.62 in statutory damages;
- $199.70 for litigation costs; and
- reasonable attorneys' fees.

FURTHER, that Defendant is directed to permit and cooperate in an audit of its books and records for the period January 5, 2004 to the present.

FURTHER, that the Clerk of the Court is directed to send a copy of this order to Defendant at the following address:

>Mr. Daren S. Elliott
>175 Century Road
>Buffalo, NY 14215

SO ORDERED.

Dated:     March 30, 2008
           Buffalo, New York


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge